UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES, ) | 3:24-cr-68 (SVN) |
| ) | |
| v. ) | |
| ) | |
| KIERRA BLOUNT, ) | |
| *Defendant*. ) | June 27, 2025 |

### RULING ON DEFENDANT'S MOTION TO DISMISS COUNT NINE OF THE INDICTMENT

Sarala V. Nagala, United States District Judge.

On March 26, 2024, a grand jury sitting in the District of Connecticut indicted Defendant Kierra Blount on eight counts of bank fraud in violation of 18 U.S.C. § 1344 (Counts One through Eight), one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count Nine), and one count of unlawful possession of stolen mail in violation of 18 U.S.C. § 1708 (Count Ten). Indictment, ECF No. 1.

As relevant to this ruling, Count Nine charges Blount with knowingly transferring, possessing, and using, and aiding and abetting the transfer, possession, and use of, without lawful authority, certain means of identification of "C.J.," during and in relation to the bank fraud offenses charged in Counts One through Eight. *Id.* at 4. Blount moves to dismiss Count Nine for failure to state an offense under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), arguing that this count fails to allege that the use of C.J.'s means of identification was at the crux of the predicate bank fraud, as required by *United States v. Dubin*, 599 U.S. 110 (2023). Def.'s Opening Br., ECF No. 43 at 1. For the reasons that follow, the motion to dismiss Count Nine of the indictment is DENIED.

I.  **BACKGROUND**

The indictment alleges that beginning in or about November 2021 and continuing through in or about April 2022, in the District of Connecticut and elsewhere, Blount executed, attempted to execute, and aided and abetted others to execute and attempt to execute a scheme and artifice to defraud Bank of America, and to obtain money, funds, credits, assets, securities, and other property owned by and under the custody and control of Bank of America, by means of materially false and fraudulent pretenses, representations, and promises. *Id.* at 1–2. Specifically, the indictment charges that Blount executed a scheme to defraud Bank of America out of financial assets by opening a bank account in the name of C.J. using C.J.'s Social Security number without C.J.'s knowledge; obtained checks made payable to other individuals via stolen mail; changed the payee names on the stolen checks so that they were made payable to C.J.; forged C.J.'s name on the back of those checks; deposited those checks into the bank account opened without C.J.'s knowledge; and then withdrew the funds for Blount's financial benefit. *Id.* at 1–3. It is additionally alleged that Blount used her then-position as a United States Postal Service employee to steal mail and obtain stolen mail for the purpose of obtaining checks that were payable to other individuals. *Id.* at 2.

Counts One through Eight, alleging bank fraud in violation of 18 U.S.C. § 1344, charge eight specific transactions related to stolen checks deposited in the Bank of America account opened in C.J.'s name without their knowledge: (1) a deposit made on or about November 22, 2021, in the amount of $6,780; (2) a deposit made on or about November 22, 2021, in the amount of $7,950; (3) a deposit made on or about April 5, 2022, in the amount of $6,600; (4) a deposit made on or about April 13, 2022, in the amount of $4,585.60; (5) a deposit made on or about April 15, 2022, in the amount of $1,000; (6) a deposit made on or about April 21, 2022, in the amount

of $3,948.22; (7) a deposit made on or about April 21, 2022, in the amount of $3,605; and (8) a deposit made on or about April 21, 2022, in the amount of $1,800.  *Id.* at 3–4.

As to Count Nine, alleging aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), the indictment charges that during the relevant period, in the District of Connecticut, Blount did knowingly transfer, possess, and use, and aid and abet the transfer, possession, and use of, without lawful authority, a means of identification of another person (*i.e.*, the name, signature, and Social Security number of C.J.), during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c) (*i.e.*, bank fraud in violation of 18 U.S.C. § 1344), knowing that the means of identification belonged to another actual person.  *Id.* at 4.

Count Ten alleges unlawful possession of stolen mail in violation of 18 U.S.C. § 1708, charging that, on or about June 20, 2023, in the District of Connecticut, Blount did unlawfully have in her possession any letter, postal card, package, bag, and mail, and articles and things contained therein, which had been stolen, taken, embezzled, and abstracted from an authorized depository for mail matter, knowing the same to have been stolen, taken, embezzled, and abstracted from an authorized depository for mail matter.  *Id.* at 4–5.

Blount has pleaded not guilty to all counts charged in the indictment, *see* Minute Entry, ECF No. 8 at 1, and has moved to dismiss Count Nine for failure to state an offense.  Def.'s Opening Br. at 1.  The Government opposes the motion.  Gov't's Opp'n Br., ECF No. 51 at 1.

## II.   LEGAL STANDARD

"The dismissal of an indictment is an extraordinary remedy reserved only for extremely limited circumstances implicating fundamental rights."  *United States v. Raniere*, 384 F. Supp. 3d 282, 299 (E.D.N.Y. 2019) (quoting *United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001)).  The Federal Rules of Criminal Procedure permit a defendant to file a pretrial motion to dismiss

based upon a defect in an indictment or in the initiation of the prosecution, such as failure to state an offense, provided "the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3), (B)(v).

An indictment is sufficient if it "(1) 'contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend' and (2) 'enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Benjamin*, 95 F.4th 60, 66 (2d Cir. 2024) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Indeed, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *Id.* at 66–67. In deciding a motion to dismiss an indictment pursuant to Rule 12(b), "a court must accept all factual allegations in the indictment as true." *United States v. Kogan*, 283 F. Supp. 3d 127, 134 (S.D.N.Y. 2017). Thus, "an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits." *United States v. Aiyer*, 33 F.4th 97, 116 (2d Cir. 2022) (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)) (cleaned up).

**III.    DISCUSSION**

For the reasons described below, Blount's motion to dismiss Count Nine of the indictment is DENIED.

Count Nine charges Blount with aggravated identity theft, which 18 U.S.C. § 1028A(a)(1) defines as "knowingly transfer[ring], possess[ing], or us[ing], without lawful authority, a means of identification of another person" "during and in relation to" certain felonies, including bank fraud. In *Dubin*, which involved the submission of a medical patient's Medicaid reimbursement number in connection with a healthcare fraud offense, the United States Supreme Court determined

that "[a] defendant 'uses' another person's means of identification 'in relation to' a predicate offense when this use is at the crux of what makes the conduct criminal." 599 U.S. at 113–14, 131. There, the use of the patient's name was an "ancillary feature" of the fraudulent billing method employed, which involved overstating the qualifications of the provider who saw the patient, thereby inflating the amount of the payment; put another way, the fraud at issue involved "misrepresenting *how* and *when* services were provided to a patient, not *who* received the services," and so an aggravated identity theft charge was not warranted. *Id.* at 132. The Second Circuit has subsequently explained that, where the underlying offense is fraud, the "at the crux" test is met if "(1) the means of identification was a key mover in the predicate crime, *i.e.*, it played some integral role in the success of the scheme; (2) the means of identification itself was used in a manner that was fraudulent or deceptive; and (3) that fraudulent use was at the locus of the criminal undertaking, rather than merely passive, passing, or ancillary employment in a crime." *United States v. White*, No. 24-66, 2025 WL 1087073, at *3 (2d Cir. Apr. 11, 2025) (summary order) (quoting *United States v. Omotayo*, 132 F.4th 181, 194 (2d Cir. 2025)) (cleaned up).

The Court agrees with the Government that Count Nine of the indictment adequately alleges the offense of aggravated identity theft, under *Dubin* and its progeny. As an initial matter, it is true, and Blount does not argue otherwise, that Count Nine closely follows the language of § 1028A(a)(1), states the approximate time and approximate place of the alleged crime, and even identifies the alleged victim using their initials:

> From in or about November 2021 and continuing through in or about April 2022, in the District of Connecticut, the defendant KIERRA BLOUNT did knowingly transfer, possess, and use, and aid and abet the transfer, possession, and use of, without lawful authority, a means of identification of another person, that is, the name, signature, and social security number of C.J., during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), specifically, bank fraud, in violation of Title 18, United States Code, Section 1344, as charged in Counts One

>through Eight of this Indictment, knowing that the means of identification belonged to another actual person.

Indictment at 4; Gov't's Opp'n Br. at 7.  Indeed, "an indictment need do little more." *Benjamin*, 95 F.4th at 66; *see also United States v. Motovich*, No. 21-CR-497 (WFK), 2024 WL 2943960, at *7 (E.D.N.Y. June 11, 2024) (holding aggravated identity theft count "properly states an offense, as it tracks the statutory language, properly states the time and place of the offense, and even identifies the victim using a fictitious name").

The Court disagrees with Blount's argument that the facts alleged—including opening a bank account in C.J.'s name without their knowledge, stealing checks and replacing the payee names on those checks with C.J.'s name, forging C.J.'s name on the back of those checks, and depositing the stolen checks into the bank account opened without C.J.'s knowledge—do not state an aggravated identity theft charge because they do not meet the *Dubin* standard.  Def.'s Opening Br. at 5.  Accepting all factual allegations in the indictment as true—as the Court must when deciding a Rule 12(b) motion to dismiss—Blount's alleged use of C.J.'s means of identification was at the crux of, and not merely ancillary to, the alleged bank fraud.  All three factors in the test articulated by the Second Circuit are met:  (1) the use of C.J.'s means of identification was integral to the success of the fraudulent scheme, as it ensured the perpetrator's real identity was hidden; (2) C.J.'s identifying information was used in a fraudulent or deceptive manner; and (3) that fraudulent use was at the locus of the alleged bank fraud because the perpetrator had used C.J.'s identifying information to sign and deposit the stolen checks.  *See White*, 2025 WL 1087073, at *3.  In short, the fraud was allegedly perpetrated by misrepresenting to Bank of America that C.J., rather than the perpetrator of the fraud, had created the bank account, signed the stolen checks, deposited the checks, and withdrawn the funds—making *who* the culprit is central to the case.  *See*

*Dubin*, 599 U.S. at 118 (noting that a misrepresentation about who was involved in a scheme is at the crux of a fraud).

Courts in other circuits have found that conduct similar to the identity theft alleged in the indictment was at the crux of the charged fraud. *See, e.g.*, *United States v. Rozier*, 746 F. Supp. 3d 569, 573–74, 585 (N.D. Ind. 2024) (finding *Dubin* requirement met where the Government proved at trial that the defendant altered payee names on stolen checks and cashed those checks using the means of identification of other co-conspirators); *Randall v. United States*, No. 5:16-cr-00518, No. 5:23-cv-02980, 2024 WL 2783901, at *1, *3 (E.D. Pa. May 29, 2024) (holding that the defendant's depositing of invalid checks and misrepresentation to the banks as to who was depositing and cashing the checks was at the crux of what made his conduct criminal because "he specifically used the identities in a way that was fraudulent and deceptive"); *United States v. Demasi*, No. 1:22-cr-20670, 2023 WL 6701998, at *1, *3–4 (E.D. Mich. Oct. 12, 2023) (concluding that an indictment alleging that the defendant defrauded three different banks by filing false credit card applications using the means of identification of three individuals sufficiently alleged that identity theft was at the crux of the bank fraud).

Blount nonetheless contends that the "crux" of the bank fraud, as alleged in the indictment, was obtaining the stolen checks and changing the payee names on those checks; in her view, the unauthorized use of C.J.'s means of identification to open and use a bank account "merely facilitated the fraud." Def.'s Opening Br. at 5. She asserts that "[a] better test for whether a particular misuse of another's identity meets the *Dubin* test is whether the specific identity used made a difference to the plans of the perpetrators." Def.'s Reply, ECF No. 59 at 1. But Blount reads *Dubin* too expansively. As the Government correctly points out, an example used by the Supreme Court to explain how misuse of a means of identification can go to the crux of a fraud is

7

similar to the facts alleged in the indictment: "Take the pharmacist who swipes information from the pharmacy's files and uses it to open a bank account in a patient's name. That misuse of the means of identification would be integral to what made the conduct fraudulent, because misrepresentation about who was involved was at the crux of the fraud." Gov't's Opp'n Br. at 9 (quoting *Dubin*, 599 U.S. at 118) (cleaned up). In this way, *Dubin* does not require that "the specific identity used ma[k]e a difference to the plans of the perpetrators," Def.'s Reply at 1; rather, it merely requires that the defendant use *someone's* identity deceptively, in a manner that is "at the crux of the underlying criminality." *Dubin*, 599 U.S. at 122–23.

Accordingly, Blount's motion to dismiss Count Nine of the indictment must be denied.

## IV.  CONCLUSION

For the reasons described herein, Defendant Kierra Blount's motion to dismiss Count Nine of the indictment is DENIED.

**SO ORDERED** at Hartford, Connecticut, this 27th day of June, 2025.

                                          */s/ Sarala V. Nagala*
                                          SARALA V. NAGALA
                                          UNITED STATES DISTRICT JUDGE